IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARRY HOLLADAY, | ) | 4:11CV3103 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DENNIS BAKEWELL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on Petitioner Larry Holladay's ("Holladay") Amended Petition for Writ of Habeas Corpus ("Amended Petition"). (Filing No. 8.) Respondent filed an Answer (filing no. 12) along with a Brief in Support (filing no. 13) and relevant State Court Records (filing no. 11). Holladay filed a Brief in Opposition to Respondent's Brief (filing no. 21) and Respondent filed a Reply Brief (filing no. 23). This matter is therefore deemed fully submitted, and as set forth below, the Amended Petition is dismissed with prejudice.

## I. BACKGROUND

### A. Holladay's Conviction

On May 25, 2006, the Box Butte County, Nebraska, District Court ("Nebraska District Court") sentenced Holladay to an indeterminate term of imprisonment of 20 to 30 years for first-degree sexual assault of a child, and an indeterminate term of imprisonment of 59 to 60 months of imprisonment for sexual assault of a child. (Filing No. 11-1 at CM/ECF pp. 1-12.) The sentences were ordered to run consecutively. (*Id*.) Holladay did not appeal. (Filing No. 8 at CM/ECF pp. 2, 8.)

B.  **Holladay's Post-Conviction Motion and Appeal**

On July 27, 2007, Holladay filed a verified motion for postconviction relief ("Post-Conviction Motion") in the Nebraska District Court. (Filing No. 11-1 at CM/ECF pp. 16-23.) The Nebraska District Court denied Holladay's Post-Conviction Motion and the Nebraska Court of Appeals affirmed. (*Id*. at CM/ECF pp. 24-25; Filing No. 11-4 at CM/ECF p. 2.) Thereafter, Holladay petitioned the Nebraska Supreme Court for further review. (Filing No. 11-4 at CM/ECF p. 2.) On October 14, 2010, the Nebraska Supreme Court denied Holladay's petition for further review. (*Id*.)

C.  **Holladay's Habeas Petition**

Holladay filed his original Petition for Writ of Habeas Corpus ("Petition") in this court on July 7, 2011. (Filing No. 1.) In his Petition, Holladay discussed two sets of convictions: one set from the District Court of Box Butte County, Nebraska, and one set from the District Court of Sheridan County, Nebraska. (*Id*. at CM/ECF pp. 2-3.) Because it was unclear which set of convictions and sentences Holladay was challenging, the court directed him to amend his Petition. (Filing No. 7.) Holladay filed his Amended Petition on September 2, 2011, clarifying that he was challenging his conviction from Box Butte County. (Filing No. 8.) Thereafter, Respondent filed an Answer (filing no. 12) along with a Brief in Support (filing no. 13) and relevant State Court Records (filing no. 11). Holladay filed a Brief in Opposition to Respondent's Brief (filing no. 21) and Respondent filed a Reply Brief (filing no. 23).

In his Brief, Respondent argues, among other things, that Holladay's Amended Petition is barred by the relevant statute of limitations and that equitable tolling does not apply. (Filing No. 13 at CM/ECF pp. 5-6.) In response, Holladay addresses the merits of his Amended Petition but does not address the statue of limitations issue. (Filing No. 21.)

## II.  ANALYSIS

### A.  Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)).  This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Riddle v. Kemna*, 523 F.3d 850, 852 (8th Cir. 2008)

(indicating that a post-conviction case is pending, and the limitations period is tolled, from the filing of the post-conviction motion until the mandate issues). Here, there is no indication that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, therefore, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In this case, the one-year statute of limitations for Holladay to seek relief from his Box Butte County conviction began to run on June 26, 2006, 30 days after the date of his sentence. (Filing 11-1 at CM/ECF pp. 1-12.) *See* Neb. Rev. Stat. § 25-1912(1) (permitting 30 days from the date of a Nebraska District Court decision for the filing of an appeal). Holladay waited until June 27, 2007, or 366 days, before he filed his state Post-Conviction Motion. (Filing No. 11-1 at CM/ECF pp. 16-23.) Absent equitable tolling, this time counted against the one-year statute of limitations. *See Painter v. Iowa*, 247 F.3d 1255, 1256 (8th Cir. 2001) (holding that "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period").

As discussed above, the limitations period was tolled while Holladay's Post-Conviction Motion was pending. The limitations period started to run again on January 24, 2010, 90 days after the Nebraska Supreme Court denied Holladay relief on his Post-Conviction Motion. (Filing No. 11-4 at CM/ECF p. 2.) Holladay filed his original Petition in this court on July 7, 2011. (Filing No. 1.) Thus, an additional 164 days passed between the conclusion of Holladay's post-conviction appeal and the filing of his Petition in this court. Together, a total of 530 days, or more than one year and five months, elapsed between the date time expired for Holladay to file a direct appeal of his Box Butte County conviction and the filing of his Petition. In light of this, and absent equitable tolling, the court finds that Holladay's Petition was not timely filed.

4

**B.     Equitable Tolling**

The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations. *See, e.g.*, *Riddle*, 523 F.3d at 857. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)). However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'" *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)). Stated another way, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (quotation omitted).

Although Holladay does not specifically address the statute of limitations issue or argue that he is entitled to equitable tolling, the court liberally construes his Brief to argue that ineffective assistance of counsel entitles him to equitable tolling. (Filing No. 21.) However, ineffective assistance of counsel does not ordinarily warrant equitable tolling. *Walker v. Norris*, 436 F.3d 1026, 1033 (8th Cir. 2006). Further, equitable tolling is not appropriate simply because the petitioner has a "lack of legal knowledge or legal resources." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). There is nothing in the record showing that Holladay pursued his rights diligently, nor does it appear that any extraordinary circumstance stood in Holladay's way of timely filing his Petition. The court finds that equitable tolling does not apply and Holladay's Amended Petition is barred by the limitations period set forth in 28 U.S.C. § 2244(d)(1)(A).

IT IS THEREFORE ORDERED that:

1.     Petitioner Larry Holladay's Amended Petition for Writ of Habeas Corpus (filing no. 8) is denied in all respects and this action is dismissed with prejudice.

5

2.    A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 2nd day of March, 2012.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.